78.     Upon present information and belief, HASSELBLAD's infringing products comprise at least the following accused products: H4D-31, H4D-40, H4D-40 Ferrari Edition, H4D-50, H4D-50MS, H4D-60, H4D-200MS, 503CWD and CFV-50.

79.     HASSELBLAD is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

80.     On information and belief, LEICA has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

81.     Moreover, on information and belief, LEICA has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY and BUY.COM, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

82.     Upon present information and belief, LEICA's infringing products comprise at least the following accused products: V-LUX 40, V-LUX 3, X2, X1, D-LUX 5, M9, M Monochrome and S2.

83.     LEICA is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

84.     On information and belief, MAMIYA has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

85.     Moreover, on information and belief, MAMIYA has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

86.     Upon present information and belief, MAMIYA's infringing products comprise at least the following accused products: Leaf Aptus-II 5 22 Digital Back, Leaf Aptus-II 7 33 Digital Back, Leaf Aptus-II 8 40 Digital Back, Leaf Aptus-II 10R 56 Digital Back, Leaf Aptus-II 10 56 Digital Back, Leaf Aptus-II 12R 80 Digital Back, Leaf Aptus-II 12 80 Digital Back, Leaf Credo 40MP Digital Back, Leaf Credo 60MP Digital Back and Leaf Credo 80MP Digital Back.

87.     MAMIYA is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

88.     On information and belief, MICRO CENTER has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products

- 27 -

comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

89.     Moreover, on information and belief, MICRO CENTER has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

90.     Upon present information and belief, MICRO CENTER's infringing products comprise at least the following accused products: CANON: EOS 7D, EOS 60D, EOS Rebel T3i, EOS Rebel T3, PowerShot G1 X, PowerShot G12, PowerShot S100 Digital ELPH, PowerShot SX260 HS, PowerShot ELPH 530 HS, PowerShot ELPH 520 HS, PowerShot ELPH 320 HS, PowerShot ELPH 110 HS, PowerShot A3400 IS, PowerShot A2400 IS, PowerShot A2300 and PowerShot A1300; NIKON: Nikon 1 J1, Nikon 1 V1, D7000, D3100, D3200, D5100, COOLPIX P310, COOLPIX L810, COOLPIX S4300, COOLPIX L26, COOLPIX P510, COOLPIX S9300, COOLPIX S6300 and COOLPIX S3300; SONY: alpha NEX-7, alpha NEX-5N, alpha NEX-F3, alpha a77, alpha a65, alpha a57, alpha a37, Cyber-shot HX200V, Cyber-shot HX30V, Cyber-shot W650, Cyber-shot TX20, Cyber-shot WX150, Cyber-shot W620, Cyber-shot W610 and Cyber-shot WX50; OLYMPUS: VR-340, Tough TG-820 iHS, SP-620UZ, SZ-12, SP-810UZ, XZ-1 and E-PM1;

FUJIFILM: FinePix X-S1, FinePix X10, FinePix S4200, FinePix SL300, FinePix F750EXR, FinePix XP50 and FinePix JZ100; GE: E1410SW, E1255W, X500 and G100.

91.    MICRO CENTER is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

92.    On information and belief, NEWEGG has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

93.    Moreover, on information and belief, NEWEGG has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

94.    Upon present information and belief, NEWEGG's infringing products comprise at least the following accused products: CANON: EOS 5D Mark II, EOS 5D Mark III, EOS 7D, EOS 60D, EOS Rebel T3i, EOS Rebel T2i, EOS Rebel T3, PowerShot G1 X, PowerShot G12, PowerShot S100, PowerShot SX40 HS, PowerShot SX260 HS, PowerShot SX150 IS, PowerShot D20, PowerShot ELPH 530 HS, PowerShot ELPH 520 HS, PowerShot ELPH 320 HS, PowerShot ELPH 110 HS, PowerShot A4000 IS, PowerShot A3400 IS, PowerShot A3300 IS, PowerShot A1300 and

PowerShot A810; NIKON: Nikon 1 J1, D7000, D3100, D3200, D300S, D90, D5100, COOLPIX P310, COOLPIX S30, COOLPIX L810, COOLPIX AW100, COOLPIX S4300, COOLPIX L26, COOLPIX P7100, COOLPIX S100, COOLPIX S8200, COOLPIX S1200pj, COOLPIX S9300, COOLPIX S6300 and COOLPIX S3300; SONY: alpha NEX-7, alpha NEX-5N, alpha NEX-C3, Cyber-shot HX200V, Cyber-shot HX30V, Cyber-shot TX66, Cyber-shot W650, Cyber-shot TX200V, Cyber-shot TX20, Cyber-shot HX10V, Cyber-shot H90, Cyber-shot WX150, Cyber-shot W690, Cyber-shot W620, Cyber-shot W610 and Cyber-shot WX50; PANASONIC: LUMIX DMC-TS4, LUMIX DMC-ZS20, LUMIX DMC-ZS15, LUMIX DMC-TS20, LUMIX DMC-SZ1, LUMIX DMC-FH8, LUMIX DMC-FH6, LUMIX DMC-S2, LUMIX FZ150K, LUMIX FZ47, LUMIX GX1 and LUMIX GF3; OLYMPUS: VR-340, VG-160, Tough TG-1 iHS, Tough TG-820 iHS, SZ-31MR iHS, SP-620UZ, SZ-12, SP-810UZ and SZ-20; PENTAX: OPTIO WG-2, K-01 and K-30; FUJIFILM: FinePix X10, FinePix S4500, FinePix SL300, FinePix HS25EXR, FinePix HS30EXR, FinePix F660EXR, FinePix F750EXR, FinePix XP20, FinePix XP50, FinePix XP100, FinePix XP150, FinePix JZ100, FinePix AX300 and FinePix AV200; AGFAPHOTO: DC-600uw; GE: J1470S, E1680W, E1486TW and X500; VIVITAR: ViviCam X018.

95.     NEWEGG is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

96.     On information and belief, NIKON has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color

space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

97.     Moreover, on information and belief, NIKON has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY, BUY.COM, CDW, MICROCENTER, NEWEGG, OVERSTOCK and TARGET, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

98.     Upon present information and belief, NIKON's infringing products comprise at least the following accused products: Nikon 1 J1, Nikon 1 V1, D4, D800, D7000, D3100, D3200, D3S, D700, D3X, D300S, D90, D5100, COOLPIX P310, COOLPIX S30, COOLPIX L810, COOLPIX AW100, COOLPIX S4300, COOLPIX L26, COOLPIX P510, COOLPIX P7100, COOLPIX P500, COOLPIX S100, COOLPIX S8200, COOLPIX S1200pj, COOLPIX S9300, COOLPIX S6300, COOLPIX S3300, COOLPIX S6200, COOLPIX S6100, COOLPIX S4100, COOLPIX S3100, COOLPIX P300, COOLPIX S9100, COOLPIX L120 and COOLPIX L24.

99.     NIKON is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

100.    On information and belief, OLYMPUS has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device

independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

101.    Moreover, on information and belief, OLYMPUS has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY, BUY.COM, CDW, MICROCENTER, NEWEGG and OVERSTOCK, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

102.    Upon present information and belief, OLYMPUS's infringing products comprise at least the following accused products: VR-350, VR-340, VG-160, VR-330, VR-320, VR-310, VG-140, VG-120, VG-110, Tough TG-1 iHS, Tough TG-820 iHS, Tough TG-620 iHS, Tough TG-320, Tough TG-810, Tough TG-610, Tough TG-310, SZ-31MR iHS, SP-620UZ, SZ-12, SP-810UZ, SZ-30MR, SZ-20, SZ-10, SP-610UZ, XZ-1, E-P3, E-PL3, E-PM1, E-PL2, E-PL1, E-P2, E-M5, E-5, E-30 and E-620.

103.    OLYMPUS is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

104.    On information and belief, OVERSTOCK has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device

independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

105.    Moreover, on information and belief, OVERSTOCK has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

106.    Upon present information and belief, OVERSTOCK's infringing products comprise at least the following accused products: CANON: EOS 5D Mark III, EOS 7D, EOS 60D, EOS Rebel T3i, EOS Rebel T3, PowerShot G12, PowerShot S100 Digital ELPH, PowerShot SX40 HS, PowerShot SX260 HS, PowerShot SX150 IS, PowerShot D20, PowerShot ELPH 530 HS, PowerShot ELPH 520 HS, PowerShot ELPH 500 HS, PowerShot ELPH 320 HS, PowerShot ELPH 310 HS, PowerShot ELPH 110 HS, PowerShot A4000 IS, PowerShot A3400 IS, PowerShot A2400 IS, PowerShot A2300, PowerShot A1300, PowerShot A1200, PowerShot A810 and PowerShot A800; NIKON: COOLPIX L24; PANASONIC: LUMIX DMC-SZ1, LUMIX DMC-FH8, LUMIX DMC-FH6, LUMIX DMC-S2, LUMIX GX1, LUMIX GF3and LUMIX GF2; OLYMPUS: VR-340, VG-160, VR-320, VR-310, VG-140, VG-120, Tough TG-320, Tough TG-810, Tough TG-610, SZ-31MR iHS, SP-620UZ, SZ-12 and SZ-10; PENTAX: OPTIO WG-2, OPTIO VS20, OPTIO RZ18, K-01and Q; VIVITAR: ViviCam X025and ViviCam 8400.

107.    OVERSTOCK is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

108.    On information and belief, PANASONIC has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

109.    Moreover, on information and belief, PANASONIC has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY, BUY.COM, CDW, NEWEGG, OVERSTOCK and TARGET, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

110.    Upon present information and belief, PANASONIC's infringing products comprise at least the following accused products: LUMIX DMC-TS4, LUMIX DMC-ZS20, LUMIX DMC-ZS19, LUMIX DMC-ZS15, LUMIX DMC-SZ7, LUMIX DMC-TS20, LUMIX DMC-SZ1, LUMIX DMC-FH8, LUMIX DMC-FH6, LUMIX DMC-S2, LUMIX DMC-3D1K, LUMIX LX5, LUMIX FZ150K, LUMIX FZ47, LUMIX ZS10, LUMIX GF5, LUMIX GX1, LUMIX GH2, LUMIX GF3, LUMIX G3 and LUMIX GF2.

111.    PANASONIC is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

112.   On information and belief, PENTAX has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

113.   Moreover, on information and belief, PENTAX has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY, BUY.COM, CDW, NEWEGG, OVERSTOCK and TARGET, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

114.   Upon present information and belief, PENTAX's infringing products comprise at least the following accused products: OPTIO WG-2, OPTIO VS20, OPTIO RZ18, OPTIO WG-1, K-01, Q, K-30, K-5, K-R, 645D, CX1, CX2, CX3, CX4, CX5, CX6, PX, GR Digital II, GR Digital III, GR Digital IV, GX200, G700SE, G700, G600, Caplio 500SE, Caplio GX100, Caplio R7, Caplio R6, Caplio R5, Caplio R4, Caplio R3, Caplio 500G Wide, Caplio RR770, Caplio RR750, R10, R50, R8 and GXR.

115.   PENTAX is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

116.   On information and belief, VIVITAR has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

117.   Moreover, on information and belief, VIVITAR has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY, BUY.COM, NEWEGG, OVERSTOCK and TARGET, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

118.   Upon present information and belief, VIVITAR's infringing products comprise at least the following accused products: ViviCam S325, ViviCam S130, ViviCam S529, ViviCam S1527, iTwist F124, ViviCam F526, ViviCam F128, iTwist F536, ViviCam F131, ViviCam F332, iTwist F129, ViviCam F529, ViviCam T325, ViviCam T016, ViviCam T127, ViviCam T539, iTwist T126, ViviCam T135, ViviCam T125, iTwist T028, ViviCam T322, ViviCam T132, ViviCam T324, ViviCam T137, ViviCam T024, ViviCam T026, ViviCam T030, ViviCam T328, ViviCam T327, ViviCam T532, ViviCam T027, ViviCam X027, ViviCam X016, ViviCam X137, ViviCam X029, ViviCam X020, ViviCam X028, ViviCam X225, ViviCam X026, ViviCam X024, ViviCam X324, ViviCam X327, ViviCam X014, ViviCam X018, ViviCam X025, ViviCam 9124,

ViviCam 9112, ViviCam 7122, iTwist 7028, ViviCam 7024, ViviCam 7022, ViviCam 7690, ViviCam 7399, ViviCam 8124, ViviCam 8225, ViviCam 8025, ViviCam 8690, VIviCam 8018, ViviCam 8400, ViviCam 8027, ViviCam 8324, ViviCam 5118, ViviCam 5024, ViviCam 5020, ViviCam 5028, ViviCam 5018, ViviCam 5188, ViviCam 5022, ViviCam 5399, ViviCam 4090, V69379, ViviCam V25, vstyle 38, V69379M, ViviCam 46, ViviCam 20, vstyle 17G, vstyle 58B, Clipshot 11698, vstyle 28B, vstyle 27G, vstyle 57G, ViviCam V15 and vstyle 18B.

119.   VIVITAR is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

120.   On information and belief, SIGMA has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

121.   Moreover, on information and belief, SIGMA has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H and BUY.COM, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

122.    Upon present information and belief, SIGMA's infringing products comprise at least the following accused products: DP1s, DP2s, DP1x, DP2x, DP1, DP2, SD15 and SD1.

123.    SIGMA is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

124.    On information and belief, SONY has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

125.    Moreover, on information and belief, SONY has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-sellers, including but not limited to B&H, BEST BUY, BUY.COM, CDW, MICROCENTER, NEWEGG and TARGET, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

126.    Upon present information and belief, SONY's infringing products comprise at least the following accused products: alpha NEX-7, alpha NEX-5N, alpha NEX-C3, alpha NEX-F3, alpha a77, alpha a65, alpha a57, alpha a37, Cyber-shot HX200V, Cyber-shot HX30V, Cyber-shot TX66, Cyber-shot W650, Cyber-shot TX200V, Cyber-shot TX20, Cyber-shot HX10V, Cyber-shot H90, Cyber-shot WX150, Cyber-shot WX70, Cyber-shot W690, Cyber-shot W620, Cyber-shot W610 and Cyber-shot WX50.

127.   SONY is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

128.   On information and belief, TARGET has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space.

129.   Moreover, on information and belief, TARGET has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting customers and/or users to use the infringing products. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '415 patent, at least through becoming aware of this Complaint.

130.   Upon present information and belief, TARGET's infringing products comprise at least the following accused products: CANON: EOS 5D, EOS 7D, EOS 60D, EOS Digital Rebel, EOS Rebel T3i, EOS Rebel T2i, EOS Rebel T3, PowerShot SX40 HS, PowerShot SX260 HS, PowerShot D20, PowerShot ELPH 520 HS, PowerShot ELPH 500 HS, PowerShot ELPH 320 HS, PowerShot ELPH 110 HS, PowerShot A4000 IS, PowerShot A3400 IS, PowerShot A3300 IS, PowerShot A2300, PowerShot A2200 and PowerShot A1300; NIKON: Nikon 1 J1, Nikon 1 V1, D7000, D3100, D3200, D5100, COOLPIX P310, COOLPIX S30, COOLPIX L810, COOLPIX AW100, COOLPIX S4300, COOLPIX L26, COOLPIX P510, COOLPIX P7100, COOLPIX S100, COOLPIX S8200, COOLPIX S1200pj, COOLPIX S9300, COOLPIX S6300, COOLPIX S3300,

COOLPIX S6200, COOLPIX S4100and COOLPIX L24; SONY: alpha NEX-F3, Cyber-shot HX200V, Cyber-shot W650, Cyber-shot HX10V, Cyber-shot H90, Cyber-shot WX150, Cyber-shot W690, Cyber-shot W610 and Cyber-shot WX50; PANASONIC: LUMIX DMC-ZS19, LUMIX DMC-SZ7, LUMIX DMC-TS20, LUMIX DMC-SZ1, LUMIX DMC-FH8, LUMIX DMC-FH6, LUMIX GF3 and LUMIX GF2; PENTAX: OPTIO WG-1, Q and K-R; FUJIFILM: FinePix W3 3D, FinePix S2950, FinePix S4200, FinePix S4500, FinePix SL300, FinePix HS25EXR, FinePix HS30EXR, FinePix F660EXR, FinePix F750EXR, FinePix XP20, FinePix XP50, FinePix XP100, FinePix T400, FinePix JX500, FinePix JZ100, FinePix JZ250 and FinePix AX550; GE: X500and G100; VIVITAR: ViviCam T135, ViviCam T328, ViviCam T532, ViviCam X014 and ViviCam 8018.

131.   TARGET is thus liable for infringement of the '415 patent pursuant to 35 U.S.C. § 271.

132.   As a result of Defendants' infringing conduct, Defendants have damaged DIGITECH. Defendants are liable to DIGITECH in an amount that adequately compensates DIGITECH for their infringement, which, by law, can be no less than a reasonable royalty.

133.   DIGITECH will take discovery relative to each Defendants' pre-suit knowledge of the '415 patent at the appropriate time.  Upon information and belief, each Defendants' infringement of the '415 patent since receiving notice  of the patent, at a minimum by virtue of this lawsuit, would necessarily be willful and objectively reckless at least due to the fact that the Defendants' infringement is clear and there is no known good faith basis to assert invalidity.

**PRAYER FOR RELIEF**

WHEREFORE, DIGITECH respectfully requests that this Court enter:

- 40 -

1.      A judgment in favor of DIGITECH that Defendants have infringed, directly and/or indirectly, the '415 patent;

2.      A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, employees, agents, affiliates and all others acting in active concert therewith from infringing the '415 patent;

4.      A judgment and order requiring all Defendants to pay DIGITECH its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '415 patent as provided under 28 U.S.C. § 284;

5.      An award to DIGITECH for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DIGITECH its reasonable attorneys' fees;

7.      Any and all other relief to which DIGITECH may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

1    Dated:      July 16, 2012                      Respectfully submitted,

2                                                   COLLINS, EDMONDS, POGORZELSKI,
                                                    SCHLATHER & TOWER, PLLC
3

4
                                                    John J. Edmonds
5

6                                                   Attorney for Plaintiff
                                                    DIGITECH IMAGE TECHNOLOGIES, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 42 -

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) DIGITECH IMAGE TECHNOLOGIES, LLC | DEFENDANTS AGFAPHOTO HOLDING GMBH; AGFAPHOTO USA CORPORATION; B&H FOTO & ELECTRONICS CORP.; BEST BUY CO., INC.; BEST BUY STORES, LP; BESTBUY.COM, LLC; (See Attachment) |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) JOHN J. EDMONDS, COLLINS EDMONDS POGORZELSKI SCHLATHER & TOWER, PLLC, 1851 EAST FIRST STREET, SUITE 900, SANTA ANA, CA 92705, TELEPHONE: (951) 708-1237 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
PATENT INFRINGEMENT 35 U.S.C. §§ 271

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☒ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: _____ **SACV12-1153 MLG**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| PLAINTIFF (ORANGE COUNTY) | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| DEFENDANTS: BUY.COM INC., (ORANGE COUNTY) | SEE ATTACHMENT |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _John J. Edmonds_         Date  7/16/12

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

    ○   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

### LIST OF DEFENDANTS IN THEIR FOREIGN COUNTRY BELOW:

AGFAPHOTO HOLDING GMBH; KOLN, GERMANY

CANON INC.; TOKOYO, JAPAN

CASIO COMPUTER CO., LTD.; TOKOYO, JAPAN

FUJIFILM CORPORATION; TOKOYO, JAPAN

FUJIFILM HOLDINGS CORPORATION; TOKOYO, JAPAN

VICTOR HASSELBLAD AB; GOTHENBURG, SWEDEN

LEICA CAMERA AG; SOLMS, GERMANY

MAMIYA DIGITAL IMAGING CO., LTD.; TOKOYO, JAPAN

LEAF IMAGING LTD. D/B/A MAMIYALEAF; TEL AVIV, ISRAEL

NIKON CORPORATION; TOKOYO, JAPAN

OLYMPUS CORPORATION; TOKOYO, JAPAN

PANASONIC CORPORATION; OSAKA, JAPAN

PENTAX RICOH IMAGING CO., LTD.; TOKOYO, JAPAN

RICOH COMPANY, LTD.; TOKOYO, JAPAN

SIGMA CORPORATION; KANAGAWA, JAPAN

SONY CORPORATION; TOKOYO, JAPAN

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

    o    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

## LIST OF DEFENDANTS IN THEIR COUNTIES AND STATES BELOW:

AGFAPHOTO USA CORPORATION; BERGEN COUNTY, NEW JERSEY

B&H FOTO & ELECTRONICS CORP.; BRONX COUNTY, NEW YORK

BEST BUY CO., INC.; HENNEPIN COUNTY, MINNESOTA

BEST BUY STORES, LP; HENNEPIN COUNTY, MINNESOTA

BESTBUY.COM, LLC; HENNEPIN COUNTY, MINNESOTA

BUY.COM INC.; ORANGE COUNTY, CALIFORNIA

CANON U.S.A., INC.; NASSAU COUNTY, NEW YORK

CASIO AMERICA, INC.; MORRIS COUNTY, NEW JERSEY

CDW LLC; LAKE COUNTY, ILLINOIS

FUJIFILM HOLDINGS AMERICA CORPORATION; WESTCHESTER COUNTY, NEW YORK

GENERAL ELECTRIC COMPANY; FAIRFIELD COUNTY, CONNECTICUT

GENERAL IMAGING COMPANY; LOS ANGELES COUNTY, CALIFORNIA

HASSELBLAD USA INC.; KING COUNTY, WASHINGTON

LEICA CAMERA INC.; BERGEN COUNTY, NEW JERSEY

MAMIYA AMERICA CORPORATION; WESTCHESTER COUNTY, NEW YORK

MICRO ELECTRONICS, INC.; FRANKLIN COUNTY, OHIO

NEWEGG, INC.; LOS ANGELES COUNTY, CALIFORNIA

NEWEGG.COM, INC.; LOS ANGELES COUNTY, CALIFORNIA

NIKON INC.; SUFFOLK COUNTY, NEW YORK

NIKON AMERICAS, INC.; SUFFOLK COUNTY, NEW YORK

OLYMPUS AMERICA INC.; LEHIGH COUNTY, PENNSYLVANIA

OVERSTOCK.COM, INC.; SALT LAKE COUNTY, UTAH

PANASONIC CORPORATION OF NORTH AMERICA; HUDSON COUNTY, NEW JERSEY

PENTAX RICOH IMAGING AMERICAS CORPORATION; ESSEX COUNTY, NEW JERSEY

RICOH AMERICAS CORPORATION; ESSEX COUNTY, NEW JERSEY

SAKAR INTERNATIONAL, INC. D/B/A VIVITAR; MIDDLESEX COUNTY, NEW JERSEY

SIGMA CORPORATION OF AMERICA; SUFFOLK COUNTY, NEW YORK

SONY CORPORATION OF AMERICA; BRONX COUNTY, NEW YORK

SONY ELECTRONICS INC.; SAN DIEGO COUNTY, CALIFORNIA

TARGET CORPORATION; HENNEPIN COUNTY, MINNESOTA