**O**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>　　　　　　　Plaintiff,<br>　　　v.<br><br>AGFAPHOTO HOLDING GMBH, et al.,<br><br>　　　　　　　Defendants. | Case No. 8:12-cv-1153-ODW(MRWx)<br><br>**ORDER GRANTING MOTION TO DISMISS OR SEVER FOR MISJOINDER [85]** |

Pending before the Court is Defendant Leica Camera Inc.'s Motion to Dismiss or Sever for Misjoinder.  (ECF No. 85.)  Leica contends that the newly enacted statute, 35 U.S.C. § 299, expressly prohibits joinder of unrelated defendants on the basis that they have all infringed the patent-in-suit, a tactic frequently used by non-practicing entities.  Plaintiff Digitech Image Technologies, LLC argues that joinder is proper for several reasons, including the reason that the Defendant retailers each sell infringing cameras from the various Defendant manufacturers; and thus, based on these relationships and the principles of claim preclusion, the various Defendant retailers and Defandant manufacturers must be joined in one action.

For the following reasons, the Court **GRANTS** Leica's Motion.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7–15.

# I.   BACKGROUND

Digitech brought suit against the various Defendants for infringement of United States Patent No. 6,128,415, titled "Device Profiles for Use in a Digital Image Processing System."

In this action, Digitech sued 45 Defendants.[2]  These Defendants may be divided into two groups, retailers and manufacturers.  Digitech alleges that each Defendant directly and indirectly infringes the '415 patent, by making, using, importing, selling, or offering to sell various accused digital cameras.  Digitech also alleges that joinder of these 45 Defendants is proper because: (1) there are common questions of fact to all Defendants;  (2)  there  are  similarities  between  the  accused  products;  and (3) infringement arises out of the same transactions or series of transactions.  (Compl. ¶ 36.)

Leica disputes the propriety of joinder in this situation and seeks to sever itself from the other unrelated Defendants.  No other Defendant has filed a motion to sever.

# II.   DISCUSSION

Although joinder is normally governed by Federal Rule of Civil Procedure 20, joinder in patent cases is different.  Newly enacted statute, 35 U.S.C. § 299, requires a higher standard for joinder, and prohibits joinder unless the relief arises out of the same transactions relating to infringement of the patent-in-suit by the same accused product:

> (a) **Joinder of Accused Infringers.—** With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
> > (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out

---

[2]  Among  the  45  Defendants,  some  have  parent-subsidiary  relationships.   So,  if  these  related Defendants are grouped together, the true number of Defendants is less than 45.

of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(b) **Allegations Insufficient for Joinder.—** For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

(c) **Waiver.—** A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299.

Digitech joined all Defendants together in a creative way. First, Digitech alleges that certain Defendant retailers should be joined to a Defendant manufacturer because the Defendant manufacturer sells its accused digital cameras to those Defendant retailers. (Opp'n 7–8.) Second, Digitech joins additional Defendant manufacturers to the suit because the already-joined Defendant retailers sell additional infringing digital cameras from other Defendant manufacturers. (Opp'n 8.) Third, Digitech joins additional Defendant retailers because they sell the same accused digital cameras that the already-joined Defendant retailers sell. (Opp'n 9–10.) By spinning this web, Digitech has essentially joined all Defendants in the known universe that make, import, sell, or offer to sell digital cameras that fall within the purview of the '415 patent.

To bolster its position, Digitech argues that it must join these parties together because of the principle of issue preclusion. That is, it is not enough for Digitech to file a suit against just Leica and the Defendant retailers that sell the infringing Leica digital cameras. (Opp'n 11.) This is because the Defendant retailers sell other

infringing digital cameras from other Defendant manufacturers, and if these other Defendant manufacturers are not joined in a single suit, Digitech will be precluded from pursuing those claims against those unjoined Defendant manufacturers.  And if those Defendant manufacturers now must be joined, then additional Defendant retailers must also be joined to prevent issue preclusion.

Even putting aside Digitech's transparent motivations, the Court finds no merit in Digitech's novel joinder arguments.

**A.    Sameness of the accused products**

Although the Federal Circuit has yet to directly address 35 U.S.C. § 299, one case explains the requirements for joinder under Rule 20 and prophesies the reasoning that the Federal Circuit would likely use in the future to address the new statute. There, the court held that the sameness of accused products is insufficient for joinder:

> Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).

This suggests that if the underlying infringing parts are identically sourced, then defendants may be joined in one suit.  But there are other factors to consider before joining the defendants, including:

> whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*Id.* at 1359–60.

Here, Digitech generally alleges that the infringing digital cameras have similarities.  (Compl. ¶ 36.)  But Digitech does not—and cannot—assert that the hundreds of different accused cameras from the various Defendant manufacturers are

1  identical.  It is insufficient for Digitech to rely on the alleged similarities between the

2  infringing digital cameras to satisfy the "same transaction" requirement for joinder.

3  *EMC*, 677 F.3d at 1359.

4        The only instances in this case where the word "same" can be used to describe

5  anything are the individual cameras themselves.  That is, as a collective, Defendants

6  moved individual cameras down the commerce stream from a Defendant manufacturer

7  to Defendant retailers, and ultimately from Defendant retailers to end-users.  It can be

8  said that the "same" camera was involved in transactions between at least one

9  Defendant manufacturer and a Defendant retailer.

10        But the issue is whether this downstream movement is sufficient to join the

11  involved Defendants.  For example, if Leica makes one camera model, and sells that

12  to Best Buy and Target, and Best Buy and Target sell this camera model to end-users,

13  can Digitech now join Best Buy and Target together with Leica?

14  **B.     The same transaction or series of transactions**

15        The parties do not mention, and the Court is unaware of, any binding authority

16  discussing how different transactions between different parties along a commerce

17  stream may satisfy the "same transaction" requirement under 35 U.S.C. § 299.[3]

18  Before the enactment of 35 U.S.C. § 299, joinder was relatively simple.  Courts took a

19  generous view on Rule 20 and encouraged the joinder of parties to promote "the

20  broadest possible scope of action consistent with fairness to the parties."  *United Mine*

21  *Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  And so, many lawsuits joined

22  unrelated defendants, even direct competitors, on the basis that they infringed the

23  same patent-in-suit.  *See* 35 U.S.C. § 299(b).

24        In *EMC*, the Federal Circuit held that independent defendants satisfy the same-

25  transaction test when there is a logical relationship between the separate causes of

26  action.   *EMC*, 677 F.3d at 1358.   This logical relationship is satisfied if the

27  ────────────────
28  [3] The various Defendants are unrelated and cannot be said to participate in the same transactions.
Other than Defendant manufacturers having parent-subsidiary relationships, the various Defendants
manufacturers are direct competitors.  Likewise, the Defendant retailers are direct competitors.

defendants' allegedly infringing acts, which give rise to individual claims of infringement, share an aggregate of operative facts. *Id.*

As discussed above, the only instances involving the "same accused product" are the transactions for an individual camera (or camera model) within the commerce stream. But these transactions within the commerce stream do not constitute the same transaction or series of transactions. For instance, when Leica sells a pallet of infringing digital cameras to Best Buy, that is one transaction. When Leica sells a second pallet of the same cameras to Target, that is a second transaction. These two sales have nothing to do with each other—other than involve the same camera model.

Taking this analysis further, when Best Buy sells an infringing digital camera from Leica to an end-user, that is a third transaction. Specifically, Best Buy's patent liability arises from its sale (or offer for sale) of the Leica camera to an end-user. This is entirely different from Leica's liability, which arises from its sale (or offer for sale) of its camera to Best Buy (and others).[4]

Moreover, in the first transaction where Leica sells the cameras to Best Buy, Best Buy is not liable for patent infringement. That is because infringement must be an act of making, using, importing, selling, or offering to sell. 35 U.S.C. § 271. Possession of an infringing product is not infringement. Without more (such as use), it is only the sell-side of transactions that give rise to liability.

Thus, Defendants do not share an aggregate of operative facts. Other than the cameras themselves, the various Defendants have stumbled into liability under entirely separate facts and transactions in the commerce stream. And so, the Court finds that Defendants should be severed based on their independent participation in commerce. Not only does this make logical sense, it follows the joinder statute, which ties the "same transaction" requirement to the sought-after relief: "any right to relief is asserted against the parties . . . arising out of the same transaction . . . or series of transactions . . . relating to the making, using, importing into the United States,

---

[4] Leica may also be liable for importing or manufacturing the infringing digital cameras.

1    offering for sale, or selling of the same accused product."   35 U.S.C. § 299(a)(1).

2    Digitech does not allege (and it cannot allege) that the relief they seek from the

3    Defendant manufacturers, and the relief they seek from the Defendant retailers, arise

4    out of the same transaction or series of transactions.

5    **C.     Claim preclusion**

6           But Digitech argues that Defendants must be joined, or else it may be precluded

7    from asserting all of its claims against a Defendant.  (Opp'n 12.)  This could be a

8    problem if the Court orders that the parties should be severed into groups.  That is,

9    claim preclusion may be present if the Court orders Digitech to assert its '415 patent

10   in grouped lawsuits: one lawsuit against Leica and its retailers; a second lawsuit

11   against Canon and its retailers, etc.  The fact that any one retailer may have multiple

12   suits against it for infringement of the '415 patent is a problem.  But it may be argued

13   that even in this situation, there should be no claim preclusion because the various

14   infringing digital cameras are different from each manufacturer, and the infringing

15   activities by any single retailer involves separate sales of the different cameras to

16   different end-users.

17          But the Court needs not decide that issue.  Since all Defendants in this case are

18   hereby severed, there can be no claim preclusion.  Digitech is free to pursue all claims

19   against individual Defendants for its '415 patent.  Thus, as to Leica, Digitech may sue

20   it for patent infringement with respect to each of Leica's digital camera models.  And

21   as to Best Buy, Digitech may sue it for patent infringement with respect to each of the

22   digital camera models it sells, regardless of supplying manufacturer.

23          And there is no dilemma with respect to indirect infringement claims.  So long

24   as Digitech can show that there are direct infringers (i.e., end-users) for each of the

25   accused digital cameras, each Defendant can be independently liable for indirect

26   infringement in their respective severed cases.  *See MEMC Elec. Materials, Inc. v.*

27   *Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) ("To

28   succeed on a claim of inducement, the patentee must show, first that there has been

direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). There is no need to join a direct infringer with an indirect infringer in order to find liability against the indirect infringer.  *See Symantec Corp. v. Computer Assocs. Int'l Inc.*, 522 F.3d 1279, 1293 (Fed. Cir. 2008) (finding circumstantial evidence that defendant induced and encouraged its customers, who are not joined in the suit, to use the accused products in an infringing way.)

### III.    CONCLUSION

The Court finds that Defendants should all be severed from one another, as they do not share an aggregate of operative facts, other than allegedly infringing the '415 patent.  Thus, Leica's Motion to Dismiss or Sever for Misjoinder is **GRANTED**, and Leica is hereby **SEVERED** and **DISMISSED** from this case.[5]  In addition, the Court sua sponte **SEVERS** the remaining Defendants from this case.[6]   All Defendants except the first named Defendant, Agfaphoto Holding GmbH, are hereby **DISMISSED**.  Going forward, the Court will entertain joining parties to Agfaphoto Holding GmbH that have parent-subsidiary relationships.  Should Digitech desire to refile its case against the dismissed Defendants in this district, it must file them separately and for each one, file a notice of related cases under L.R. 83-1.3.[7]

**IT IS SO ORDERED.**

October 1, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[5] Upon severance, the Court may dismiss the severed parties, or may transfer them under 28 U.S.C. § 1406.  *See Anrig v. Ringsby United*, 603 F.2d 1319, 1325 (9th Cir. 1978).
[6] "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.
[7] The severed cases are sufficiently related that they should all be before the same judge for case management and judicial efficiency purposes, but they are not sufficiently related for joinder under 35 U.S.C. § 299.